## JAMES A. AUSTIN *versus* WILLIAM BOYD.

**The** defendant having written his name on the back of a promissory note before it was delivered to the promisee, and the promisee having written his name above the defendant's, for the purpose of negotiating the note, and having erased his name on receiving the note back from the indorsee, it was *held*, in an action by the promisee against the defendant, that the promisee might introduce parol evidence of the circumstances under which he had written and erased his name, showing that it was not his intention to change the character of the defendant as an original promisor into that of a second indorser.

The note having been given to the plaintiff by the maker, as a bonus for a lease and fixtures of a store, in fact after the lease had been executed and the maker had entered into possession, but in pursuance of a previous agreement, it was *held*, that the defendant's promise was not invalid as being founded on a past consideration.

ASSUMPSIT on a promissory note, dated May 11th, 1833, made by W. N. Spinney, for $250, payable to the plaintiff or his order, in six months, with interest. The defendant's name was on the back of the note.

The declaration contained counts against the defendant as an original promisor and as a guarantor.

At the trial, before *Wilde* J., the plaintiff called his father as a witness, who testified that about the 10th of June, 1833, the plaintiff showed him the note and consulted him as to getting it discounted ; that the defendant's name was then on the back of the note ; that the plaintiff's name was not upon it at that time ; and that the witness advised the plaintiff to put his name under the defendant's.

The defendant admitted that proper demand and notice had been made and given, if in other respects he was liable.

The defendant called one Gilbert; who testified that he discounted the note for the plaintiff; that at the time when he paid the money for the note, the names of the plaintiff and the defendant were on the back of it; that his impression was, that when the note was ·brought to him to be discounted, the plaintiff's name was not on it, and he suggested to the plaintiff that he must put his name over the defendant's, to make the note negotiable, which the plaintiff did.

The defendant also read the deposition of Spinney; which states, that the note in question, and another note, payable to the plaintiff, on demand, were made by the deponent at the same time; that on the note now in suit the plaintiff wished the deponent to procure some other name; that the deponent at first declined, but the plaintiff said he wanted to make use of this paper and wanted another name in order that he might get it discounted; that the deponent then took this note to the defendant and asked him if he would put his name upon it, and the defendant said he had no objection, and accordingly wrote his name upon it; that the deponent then took it back to the plaintiff and gave it to him; that the two notes were given as a bonus for the lease and fixtures of a store; that at this time the deponent had been in possession of the store for twelve or fifteen days; that the leases were executed and exchanged two or three days after the deponent had got into the store; that the deponent had agreed to give the plaintiff $450 as a bonus before the leases were executed; that the defendant had formerly indorsed as second indorser, notes signed by the deponent, and in several instances before the promisee had put his name on the note; and that the defendant had never indorsed as first indorser, a note signed by the deponent.

The plaintiff erased his name from the note, after he received it back from Gilbert.

The defendant was defaulted, subject to the opinion of the Court.

*Parsons* and *Stearns*, for the defendant, contended, that the parol evidence was admissible on the ground of a latent ambiguity; 3 Stark. Ev. 1000; *Hunt* v. *Adams*, 7 Mass. R. 518;

Austin
*v.*
Boyd.

*March* 23d, 1835.

*Carver* v. *Warren*, 5 Mass. R. 546 ; *Birchard* v. *Bartlett*, 14 Mass. R. 280 ; and that it proved that the defendant put his name on the note as second indorser ; and that the plaintiff had confirmed the same thing by writing his name as first indorser, and he had now no right to retract and erase his name.

They further insisted, that as the lease had been executed and Spinney had entered into possession before the note was signed by the defendant, his promise was invalid, being founded on a past consideration. 1 Dane's Abr. *c.* 1, *art.* 30, 39 ; Chit. Contr. 14, 15 ; *Tenney* v. *Prince*, 4 Pick. 387.

*C. P. Curtis*, for the plaintiff, cited *Josselyn* v. *Ames*, 3 Mass. R. 274 ; *White* v. *Howland*, 9 Mass. R. 314 ; *Baker* v. *Briggs*, 8 Pick. 130.

MORTON J. It is well settled by a series of decisions in this Commonwealth, that where a person not a party to a note puts his name upon it, he thereby makes himself an original promisor. He must intend, by signing his name, to give some strength to the note and to incur some responsibility. He cannot be an indorser, because the note is not payable to him and perhaps is not negotiable. If he does not make himself liable as promisor or guarantor, the act is nugatory and unmeaning. If it be done when the note is given, this will constitute a good consideration ; for the payee must be presumed to part with the value for the promise of the parties to the note. In this case, although the note was made several days after the lease, yet it was in execution of the agreement for it and a part of the same transaction. The defendant put his name upon the note before it was accepted by the plaintiff.

The name of the plaintiff appears to be written upon the note over the defendant's. The apparent effect of this would be to change the character of the contract; to convert an original promisor into a second indorser ; and to discharge the defendant from all liability to the plaintiff. This effect the plaintiff certainly did not intend to produce. It was an inadvertence on his part, which, as no other persons were interested in the note, and as it would do no injustice to the defendant, he might erase and restore the contract to its original form.

We have no doubt of the admissibility of the parol evidence

to explain the circumstances under which the erasure was made. It was not to control or vary a written contract, but to account for a fact which might affect the validity of the note.

*Judgment on the default.*